## Cooper v. Baker.

April 23, 1946.

T. E. Moore for appellant.

B. W. Baker and Jesse Morgan for appellee.

OPINION OF THE COURT BY JUDGE DAWSON—Affirming.

This is an action by Baker to recover $2,103.66 from Cooper, alleged to be due him as one-half of the losses of a partnership. It is alleged in substance that on the 11th day of September 1939, the parties entered into a partnership agreement by which they would jointly buy, sell and deal in listed corporate stocks. In order to secure capital for the partnership Baker executed his promissory note to the Peoples Bank of Hazard in the amount of $7,500, and Cooper was to use this capital to purchase and sell securities at such times as he thought best and proper. All transactions were to be in the name of Baker, but Cooper had the sole authority to determine what purchases and sales were to be made. Each would share equally in all profits and losses. Baker's contribution was the $7,500 and Cooper's his wide experience in trading and dealing in securities.

At the time the agreement was made Baker was assistant cashier and Cooper was cashier and director of the Peoples Bank.

This partnership operated until January 1942, and during that period several blocks of stock in various corporations were purchased. Some gains were made and some losses sustained. In the early part of 1942, Cooper severed his connection with the Peoples Bank, and after that time gave no attention to the partnership affairs.

Eventually the bank required Baker to pay the note, but before doing so he notified Cooper of the then assets of the partnership and advised him that the note had to be paid. When he received no response Baker sold all securities then on hand at the best prices obtainable, and in the final accounting it developed that there was a total loss in the transactions of $4,207.32. Baker demanded that Cooper reimburse him for one-half of this loss, and upon Cooper's failure to do so this action was instituted.

Cooper's answer denied all the material allegations of the petition. The only evidence in the case is the depositions of Baker and Cooper and exhibits filed with these depositions. The court entered judgment for Baker.

As stated in the opinion of the lower court, the evidence is directly contradictory, with one exception. Baker testified that the last partnership transaction Cooper handled before leaving the bank was the transfer of Republic Steel stock to Southern Railway stock. This transaction was handled through a Louisville brokerage firm and the transfer resulted in the partnership owing the brokers $73.94. Baker says that Cooper wrote his check for one-half of the amount due, $36.92, and drew on him (Baker) for a like amount. In other words, each paid one-half of the amount due when the partnership account was switched from Republic Steel to Southern Railway.

Although Cooper, in his deposition, categorically denies every other statement made by Baker in his deposition, he does not deny this transaction. Indeed, when asked if he had read a copy of plaintiff's deposition, and advised to tell anything else he might wish to say about any matters testified to therein, answered at length referring to several transactions, but nowhere mentioned this particular one.

It is apparent from the lower court's opinion that

144

Cooper's failure to deny that this transaction was handled by him, as Baker testified, largely influenced the court in granting judgment for the plaintiff.

Giving the chancellor's finding the weight to which it is entitled compels us to affirm the judgment.

There is a question raised as to the competency of some photostatic copies of records which Baker filed as exhibits with his deposition, but, as the lower court said, the original documents were produced and filed before the case was considered and the exceptions no longer had merit. This, of course, was correct, and perceiving no error in the record the judgment is affirmed.